## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 22 2015, 8:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Joaquin Starks,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

September 22, 2015

Court of Appeals Case No.
82A05-1501-PC-44

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

The Honorable Kelli E. Fink,
Magistrate

Trial Court Cause No.
82C01-0802-MR-232

**Crone, Judge.**

# Case Summary

Joaquin Starks was convicted of murder following a jury trial. We affirmed his conviction on direct appeal. He then filed a petition for postconviction relief which was denied by the postconviction court. He now appeals that denial claiming that the trial court abused its discretion in admitting certain evidence during his jury trial and also that he was denied the effective assistance of trial counsel. Concluding that his claim regarding the admissibility of evidence is barred by the doctrine of res judicata and that the postconviction court properly determined that he failed to demonstrate that his trial counsel's performance was both deficient and prejudicial, we affirm.

# Facts and Procedural History

The facts of Starks's underlying conviction were recited by another panel of this Court on direct appeal as follows:

> Starks and Ida Jefferson (Jefferson) had a prior relationship. Jefferson moved in with Starks' cousin Tammie Funches (Funches) after Jefferson's relationship with Starks ended. Funches lived in an apartment complex located in Vanderburgh County, Indiana.
>
> Prior to the shooting on February 29, 2008, Starks told others that Jefferson had taken his wallet. Starks later separately told Funches and another friend that Starks would kill Jefferson if Jefferson failed to return the wallet. On February 27, 2008, Starks filed a police report with the Evansville Police Department alleging that Jefferson stole his wallet.
>
> On February 29, 2008, Jefferson and Funches returned to their

apartment around 3:30 a.m. Starks emerged from a door of the apartment complex with a firearm and fired a shot toward Funches. Starks then shot Jefferson several times, finally walking over to Jefferson and shooting her in the back of the head. Jefferson died as a result. Funches identified Starks as the assailant.

On February 29, 200[8], the State filed an information charging Starks with murder, I.C. § 35-42-1-1. On May 6, 2009, Starks was tried, but the trial ended in a mistrial on May 8, 2009. After the matter was set for retrial, on August 7, 2009, Starks filed a motion in limine to exclude "[a]ny reference to any prior or existing criminal charges against [him] concerning the victim or any other person whether they resulted in a conviction or not." On September 11, 2009, the State submitted notice that it intended to introduce into evidence Starks' July 25, 2006 Class A misdemeanor conviction for domestic battery against Jefferson.

On October 1, 2009, the trial court ruled that Starks' 2006 domestic battery conviction was admissible under Evid.R. 404(b) to show: (1) Starks' motive; (2) Starks['] relationship with Jefferson; and, (3) the hostility involved in Starks['] and Jefferson's relationship. The trial court further ruled that the probative value of Starks' 2006 domestic battery conviction outweighed any prejudicial effect. However, the trial court limited evidence regarding the prior conviction to the charging information and docket sheet.

On October 7, 2009, a second jury trial was conducted. The State offered Starks' 2006 domestic battery conviction into evidence as State's Exhibit No.1 at the close of its case-in-chief. Starks' counsel objected and argued that the 2006 domestic battery conviction was "remote in time from the incident in question. So it doesn't show motive. And [ ] I think also it has a tendency to cause my [ ] client to be looked at in a different light [ ] considering that it's not an impeachable offense. And so I believe it's inadmissible and [ ] … that's my objection." The trial

court admitted the 2006 prior conviction over Starks' objection, but admonished the jury with the following instruction:

[Y]ou are instructed that evidence of crimes or other bad acts, other than the charged offense, is generally inadmissible as proof of the guilt of the defendant and cannot be considered as evidence that the defendant acted in conformity with these prior acts. Meaning, they are not being offered and should not be considered as evidence that the defendant is a bad person or a criminal. The purpose of this evidence is to give you some background into the relationship of the parties and the evidence is also presented as evidence of the defendant's motive. This evidence should be considered for these limited purposes only.

During its closing argument, the State referred to Starks' 2006 domestic battery conviction and stated as follows:

When you review the documents when you deliberate you can look at State's Exhibit No. 1 […] Defendant pled guilty on or about May the 11th 2006, Joaquin M. Starks did knowingly or intentionally touch Ida Jefferson, a person who is or was living as if the spouse of said Joaquin M. Starks, in a rude, insolent, or angry manner by striking and kicking the said Ida Jefferson, which did thereby result in bodily injury to the said Ida Jefferson. The fact that the defendant battered Ida on a previous occasion by itself does not prove that he murdered her, but it shows that he is capable of striking her and that he is capable of causing injury to her. He has done it in the past.

Starks raised no objection to the State's closing argument.

*Starks v. State*, No. 82A01-1006-CR-266, slip op. at 1-2 (Ind. Ct. App. Oct. 18, 2011).

[3]     At the conclusion of the second trial, the jury found Starks guilty as charged. The trial court imposed a sixty-year executed sentence. Starks appealed, raising one issue, namely that the trial court abused its discretion when it permitted the State to introduce evidence of his 2006 domestic battery conviction pursuant to Indiana Evidence Rule 404(b). Concluding that the trial court did not abuse its discretion, we affirmed Starks's conviction. *Id*. at 4. Starks filed a petition for postconviction relief on May 15, 2012. Following an evidentiary hearing, the postconviction court entered its findings of fact and conclusions of law denying the petition for relief. This appeal ensued.

## Discussion and Decision

[4]     Our standard of review for postconviction proceedings is well settled. Postconviction proceedings are civil in nature and the petitioner must prove his grounds for relief by a preponderance of the evidence. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). Postconviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Id*. Issues available but not raised on direct appeal are waived, while issues litigated adversely to the defendant are res judicata. *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013). Because a defendant appealing from the denial of postconviction relief is appealing from a negative judgment, he bears the burden of proof and must establish that the evidence, as a whole,

unmistakably and unerringly points to a conclusion contrary to the postconviction court's decision. *Id*. "In other words, the defendant must convince this Court that there is *no* way within the law that the court below could have reached the conclusion it did." *Id*. (citation omitted).

## Section 1 – Starks's evidentiary claim is barred by res judicata.

Starks first claims that the trial court abused its discretion when it admitted evidence of his prior domestic battery conviction. He claims that the evidence was inadmissible under the version of Indiana Evidence Rule 404(b) in effect at the time of his trial, which provided in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may be admissible "for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident …." Starks points to the State's closing argument to support his claim that the evidence of his prior crime was improperly admitted to prove action in conformity therewith in violation of Evidence Rule 404(b).

Starks's current claim is precisely the same evidentiary claim that was already considered and specifically rejected by this Court on direct appeal. *Starks,* slip

op. at 3-4.[1]  Issues raised and litigated adversely to the defendant on direct appeal are res judicata and not subject to consideration for postconviction relief. *Wilkes*, 984 N.E.2d at 1240.  Starks may not relitigate this issue.

## Section 2 – Starks has not demonstrated that he was denied the effective assistance of trial counsel.

[7]   In an attempt to avoid the application of res judicata, Starks maintains that the postconviction court erred when it concluded that his trial counsel was not ineffective in failing to object to the State's reference to his prior domestic battery conviction during closing argument.  A successful claim of ineffective assistance of trial counsel must satisfy two components.  First, the defendant must demonstrate that counsel's performance was deficient—representation that fell below an objective standard of reasonableness involving errors so serious that the defendant was not afforded counsel guaranteed by the Sixth Amendment.  *Garrett v. State*, 992 N.E.2d 710, 718 (Ind. 2013).  Second, the defendant must show prejudice—a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *McCary v. State*,

---

[1] On direct appeal, we initially concluded that Starks had waived his challenge to the admission of the evidence by failing to object to the State's reference and alleged misuse of such evidence during closing argument. *See Starks*, slip. op. at 2.  However, waiver notwithstanding, we considered the admissibility of the evidence on the merits and concluded that the trial court did not abuse its discretion in admitting the evidence. *Id.* at 3.  Specifically, we determined that evidence of the prior domestic battery conviction was admissible pursuant to Evidence Rule 404(b) for the purposes of showing the hostile relationship between Starks and Jefferson and his motive for murdering her. *Id.*  We also found significant that the trial court had issued a limiting instruction and admonishment to the jury that the evidence of prior domestic violence could not be considered as evidence that Starks acted in conformity therewith. *Id.* at 4.  Finally, we determined that, even if erroneous, the admission of the 404(b) evidence was harmless as the State presented substantial independent evidence of Starks's guilt such that there was no substantial likelihood that the challenged evidence contributed to Starks's conviction. *Id.* at 4 n.1.

761 N.E.2d 389, 392 (Ind. 2002). "To demonstrate ineffective assistance of counsel for failure to object, a defendant must prove that an objection would have been sustained if made and that he was prejudiced by counsel's failure to make an objection." *McKnight v. State*, 1 N.E.3d 193, 202 (Ind. Ct. App. 2013).

[8] As noted by the postconviction court, we determined on direct appeal that, notwithstanding counsel's failure to object to the State's closing argument and waiver of the issue: (1) evidence of Starks's prior domestic battery conviction was admissible pursuant to Evidence Rule 404(b) to show the hostile relationship between Starks and Jefferson and his motive for murdering her; (2) the trial court's limiting instruction and jury admonishment cured any potential prejudicial impact of the evidence; and (3) in light of the substantial independent evidence of Starks's guilt, any error in the admission of the evidence was harmless as there was no substantial likelihood that the challenged evidence contributed to the conviction. *See Starks*, slip op. at 3-4. Under the circumstances, even assuming an objection to the State's remarks during closing argument would have been sustained by the trial court, Starks cannot demonstrate that he was prejudiced by counsel's failure to object. Due to the substantial independent evidence of Starks's guilt, especially Funches's eyewitness testimony of the murder, we agree with the postconviction court that Starks has not demonstrated a reasonable probability that, but for counsel's failure to object, the result of the proceeding would have been different.

[9] Starks has not met his burden to show that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the

postconviction court's denial of his petition. Accordingly, we affirm the denial of his petition for postconviction relief.

[10] Affirmed.

Robb, J., and Pyle, J., concur.